McCampbell *v.* McCampbell.

NANCY A. McCAMPBELL *v.* W. E. & M. M. McCAMP-BELL, Executors.

HUSBAND AND WIFE. *Note, a trust when.* A note executed by a husband to his wife during coverture, in consideration of money collected by him on a chose in action payable to the wife or distributive share due her, will, upon satisfactory proof of intention, constitute a declaration of trust in favor of the wife which equity will enforce, the estate being solvent, and the rights of creditors not involved.

### FROM KNOX.

Appeal from the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

H. H. TAYLOR for complainants.

CALDWELL & SON for defendants.

COOPER, J., delivered the opinion of the Court.

Bill by a widow against the executors of the deceased husband to recover the amount of a promissory note executed by the husband directly to her during the coverture. The Chancellor granted the relief sought, and the defendants appealed.

The estate is solvent, and therefore, no question touching the rights of creditors is involved. Nor is there any serious difficulty in regard to the facts. At the time of the marriage of the testator and complainant, the complainant owned some little personal prop-

erty, and a few hundred dollars due to her by note, and as her distributive share of her father's estate. The note in controversy is for $100, and bears date the 23d of June, 1866, about nine years before the death of the husband. The proof shows that the husband permitted the wife to hold, and renew in her own name the notes held by her at the time of the marriage, or afterwards received. There is also proof that the husband intended that the wife should have all the property brought by her into the marriage; that no part of it should be used for the support of the family, or be divided in the division of the estate. In 1871, he made a will in which he bequeathed to his wife, among other things: " All the notes of hand in my possession that, are taken in her name either before or since the marriage." In a subsequent will, which is the one under which the defendants are acting, he proposed to insert a similar provision, but the draftsman told him it was unnecessary, the notes being payable to her. One of these notes of a third person was found in a pocket book in a chest in which the testator kept his papers, and to which both the husband and wife had access. In the same chest was. found the note in controversy, loose among the papers. The complainant had claimed that there was such a note, and it was found upon search in the presence of the parties. The complainant testifies that the note was given for money received as part of her distribu-. tive share of her father's estate. This fact is, however, not material to her rights.

The law of this State is, that a wife is entitled, by

right of survivorship, to all her choses in action not reduced to possession by the husband during coverture. *Bryant* v. *Puckett*, 3 Hayw., 252; *Ross* v. *Wharton*, 10 Yer., 190. And there is, in this respect, no distinction between a *chose in action* accruing to the wife during the coverture, and a chose due her before marriage. *Cox* v. *Scott*, 1 Memph. L. J., 248. The law is the same if the chose be made payable to husband and wife, whether the consideration pass from the wife, (*McMillan* v. *Mason*, 5 Col., 263), or from the husband. *Johnson* v. *Lusk*, 6 Col., 113; S. C. 1 Tenn. Ch., 3. And creditors of the husband cannot reach the choses in action of the wife without his active aid in reducing them to possession. *Snowden* v. *Lindsley*, 4 Col., 122; *Harris* v. *Taylor*, 3 Sneed, 536; *Embry* v. *Robinson*, 7 Hum., 444. The wife is, moreover, entitled to a settlement out of such chose as against the husband and his creditors. *Dearin* v. *Fitzpatrick*, Meigs, 551. Whether an act of the husband in converting a chose in action of the wife is a reduction into possession depends upon his intention. If he actually collect the money, but only as the agent of the wife, and invest it in property for her benefit, the property will belong to the wife, even against the husband's creditors, although the title be taken to the husband. *Ready* v. *Bragg*, 1 Head, 512. So, if the wife make the collection, and, with the consent of the husband, vest the money in realty in her name. *Cox* v. *Scott*, 1 Memph. L. J., 248. And the fact that the husband assents to what is done is sufficient to uphold the right of the wife, and exclude the idea of reduction into

possession by him, without proof of an express promise on his part. *Cox* v. *Scott, ut supra; Tarbox* v. *Tonder*, 1 Tenn. Ch., 164, 168. A consideration passing from the wife will sustain a direct conveyance of property by· the husband to her, and the very nature of the transaction will fix the property, even if personalty, with a trust for the separate use of the wife without any words to that effect. *Powell* v. *Powell*, 9 Hum., 477; *Saunders* v. *Harris*, 1 Head, 207. And an ante-nuptial settlement will prevent the note .of a firm, of which the husband is a partner, previously executed to the wife, from being extinguished by the marriage. *Bennett* v. *Winfield*, 4 Heis., 440. And sustain the wife's right to the proceeds of such a note executed after the marriage. *Cowan* v. *Mann*, MS. opinion, by Freeman, J., delivered this morning. At an early day, it was held that the consideration of money borrowed from the wife would, in equity, make the husband a trustee for the wife. *Slanning* v. *Styles*, 3 P. W., 334. If, therefore, a note be given by the husband to the wife for money advanced by her out of her separate estate, it constitutes a declaration of trust in favor of the wife. 1 Dan. Neg. Inst., sec. 241, citing *Murray* v. *Glasse*, 23 L. J. Ch., 126. To the same effect seems to be the case of *Huber* v. *Huber*, 10 Ohio, 37, cited, with approval, by Judge Turley, one of the most eminent of our ·predecessors on this bench, in *Powell* v. *Powell*, 9 Hum., 488. And so, in principle, is the decision upon an obligation of the husband made directly to the wife, promising to pay money borrowed, in the case of Hind's Estate, 5 Whart., 138.

These principles are in accord with the current of authority in other States. 1 Bish. Mar. W., 119, *et seq.*, 123, 161, 728, 757; 2 Story Eq. Jur., sec. 1373; Perry on Trusts, sec. 639.

The facts bring this case within the rule. The declarations of the husband, his acts and the circumstances show that it was not his intention to reduce the wife's choses in action to possession, and the execution of the note constituted a declaration of trust in favor of the wife which equity will enforce, there being no question as to the rights of creditors.

Ordinarily, when a husband is charged as a trustee with the funds of the wife, he will not be held liable for the interest used for their common benefit. *Lishey* v. *Lishey*, 2 Tenn. Ch., 5; Hind's Estate, 5 Whart., 138. But this doctrine proceeds on the ground of an agreement on the part of the wife, express or fairly implied, that the interest might be so used, and that it was used. The evidence in this case fails to show any such agreement or use of the money, and, on the contrary, fairly imples, if it does not positively establish, that it was the intention of the husband to give the wife the benefit of the interest, as well as the principal.

Affirm the decree with costs.